

ENTERED
10/25/2017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § | |
| MARVIN THOMAS HOUSTON, | § § § | CASE NO. 17-32280-H5-7 |
| Debtor, | § § § | |
| MARVIN THOMAS HOUSTON, | § § § | |
| Plaintiff, | § | |
| v. | § | ADV. NO. 17-3258 |
| JEFFERSON CAPITAL SYSTEMS, LLC, | § § § | |
| Defendant. | § § | |

## ORDER SUSTAINING EVIDENTIARY OBJECTIONS, ALLOWING WITHDRAWAL OF DEEMED ADMISSIONS, AWARDING SANCTIONS, AND SETTING TRIAL

The Court had a pretrial conference on this Adversary Proceeding. Defendant seeks to withdraw deemed admissions as to discovery responses served two days late. (Docket No. 19). Plaintiff opposes the withdrawal of deemed admissions and seeks an award of sanctions. (Docket No. 22). In addition, Plaintiff objects to two of Defendant's witnesses (Docket No. 25) and two of Defendant's exhibits (Docket No. 24) identified in the Joint Pretrial Statement (Docket No. 20) on grounds they were not timely disclosed in Defendant's initial disclosure.

P:\mhouston1.20171025.wpd

Defendant has engaged in a pattern of violation of the discovery rules. It first identified two witnesses and two exhibits on which it sought to rely at trial in a joint pretrial statement filed nine days before the final pretrial conference. The Court excludes from evidence the two exhibits and the testimony of the two witnesses.

Defendant's responses to discovery were two days late, resulting in a deemed admission of the matters requested to be admitted. However, because they were only two days late, and Defendant has shown cause, Defendant will be permitted to withdraw the deemed admissions. However, the Court awards a monetary sanction in favor of Plaintiff against Defendant in the amount of $5,000 for abuse of the discovery rules. Trial of this adversary proceeding is set for November 28, 2017, at 9:30 a.m.

## I. Defendant's Discovery Abuses

Plaintiff filed this adversary proceeding on May 31, 2017 asserting that Defendant willfully filed and continued a suit on an account in state court against Plaintiff (the Chapter 7 Debtor) after receiving notice that Debtor filed this Chapter 7 case.

The Court scheduled a conference for July 20, 2017, by order entered on May 31, 2017. The Order (Docket No. 3) required the parties to conduct a discovery conference prior to the scheduling conference and file a discovery report.

Plaintiff made his initial disclosures on July 17, 2017. (Docket No. 8). The parties conducted a discovery conference by phone, and filed a "Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure" Plaintiff requested a discovery deadline of September 20, 2017 while Defendant requested a discovery deadline of December 15, 2017. The discovery report required Defendant to make its initial disclosures under FRCP

26(a) on July 20, 2017. (Docket No. 9).

At the scheduling conference on July 20, 2017, the Court entered a scheduling order requiring the parties to complete discovery by September 20, 2017 and file a Joint Pretrial Statement by October 9, 2017. (Docket No. 11).

On July 20, 2017, Defendant provided Plaintiff its initial disclosures. The initial disclosures identified only two individuals who are likely to have discoverable information: Plaintiff, and Defendant (which is not an individual). (Docket No. 26-3).

On August 16, 2017, Plaintiff propounded discovery, including requests for admission. Plaintiff filed a notice on October 3, 2017 stating that he did not receive a response to the requests for admission before September 18, 2017. Plaintiff's notice states that Defendant delivered its written discovery answers in an attachment to an email on the night of September 20, 2017, the Court's discovery deadline. (Docket No. 18-3).

On October 9, 2017, after the deadline for discovery and on the date the pretrial statement was due, Defendant emailed its first supplemental disclosures to Plaintiff. In its supplemental disclosures, Defendant disclosed for the first time that it intended to call Michael Scott, Seung Chae, and Shane Swatzell as witnesses and offer their notes as exhibits. (Docket Nos. 24, 25).

II. <u>Defendant's Untimely Disclosures and Discovery Responses Are Sanctionable</u>

Rule 26(a)(1)(A)(i)[1] requires each party to provide the name, address, and telephone number of each individual likely to have discoverable information. Rule 26(e)(1)(A) requires the party to supplement or correct its disclosure in a timely manner if the party learns its disclosure is

---

[1] All Rule citations are to the Federal Rules of Civil Procedure, as made applicable by the Bankruptcy Rules.

incomplete or incorrect. Rule 26(g)(1)(A) requires the signature of an attorney or party on the disclosure certifying that it is complete or correct at the time made. Rule 26(g)(3) provides that the Court must impose a sanction on the signer, the party on whose behalf the signer was acting, or both, if a certification violates Rule 26 without substantial justification. Rule 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence unless the failure was substantially justified or was harmless.

Defendant disclosed its proposed witnesses and two exhibits after discovery was closed, preventing Plaintiff from deposing the witnesses or propounding additional discovery. Rule 37(c)(1) requires that the Court exclude the testimony and documents. Defendant's initial disclosure was incorrect, and it failed to timely supplement its disclosure. Rule 26(g)(3) requires that the Court sanction Defendant. The appropriate sanction is a monetary sanction in the amount of $5,000, representing the amount of attorney fees expended in litigating the discovery matters.

Defendant argues that Plaintiff should have known the identity of Defendant's witnesses. The purpose of discovery rules is to narrow the issues for trial, and allow the parties to prepare for trial without undue costs and delay. Defendant's position from the beginning of this adversary proceeding has been to delay the litigation. Defendant's argument lacks merit.

### III. The Court Allows the Withdrawal of Deemed Admissions

Rule 36(a)(1) permits a party to submit requests for admission. Rule 36(a)(3) provides that a matters is admitted unless the party to whom the request is directed serves a written answer or objection to the request for admission. Rule 36(b) provides that a matter is conclusively

established by admission unless the Court, on motion, permits the admission to be withdrawn or amended. Rule 36(b) provides in part: "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

To withdraw an admission, Rule 36(b) requires the Court to find that withdrawal 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case. *In re Carney*, 258 F.3d 415 (5th Cir. 2001). Even if a party establishes these two factors, the Court retains discretion to deny a request to withdraw an admission. *Id.*

Defendant's amended answer to the complaint in this adversary proceeding asserts that it attempted to retrieve the lawsuit filed against Plaintiff and dismissed it immediately when Defendant located the suit. (Docket No. 15). The 37 matters deemed admitted include that Defendant received notice of the bankruptcy petition, employed the firms of Scott & Associates and ABC Process Service, provided notice of the bankruptcy filing to Scott & Associates and ABC Process Service, and commenced suit.

Withdrawal of the deemed admissions would serve the presentation of the case on the merits, because withdrawal would permit the cross-examination of Plaintiff's witnesses. The substance of Plaintiff's case in chief would be conclusively established in the absence of withdrawal. Plaintiff is prepared to go to trial, and has timely submitted witness and exhibit lists. The Court finds that there is no prejudice to Plaintiff in permitting Defendant to withdraw its admissions. The Court determines that the request to withdraw should be granted in view of the

absence of prejudice.

The trial of this adversary proceeding will take place on November 28, 2017 at 9:30 a.m.

Signed at Houston, Texas on October 25, 2017.

                                                               _____
                                                               KAREN K. BROWN
                                                               UNITED STATES BANKRUPTCY JUDGE